## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **)** | | |
| JOSE BALCACER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-CV-11843-MRG |
| | ) | |
| MATTHEW DIVRIS | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ON MOTION TO DISMISS

GUZMAN, J.

Before the Court is Respondent Matthew Divris's ("Divris") Motion to Dismiss Petitioner Jose Balcacer's ("Balcacer") Petition for the Writ of Habeas Corpus [ECF No. 15; 1]. Divris argues that the Court should dismiss the petition because Balcacer has failed to exhaust his state court remedies for certain claims. Balcacer is currently incarcerated at North Central Correctional Institution ("NCCI"), and Divris is appearing in his official capacity as Superintendent of NCCI. For the following reasons, the motion is GRANTED IN PART.

### I.    Background

The relevant facts are as follows: Balcacer owned a property located at 2 McIntyre Court in Peabody, Massachusetts, and resided on the second floor-apartment with his then-wife and their three children. [ECF No. 16-3 at 3].[1] Balcacer rented the first-floor apartment to Sergio Hernandez and had a friendly relationship with Hernandez's cousin, Robert Navarro. [Id. at 3-4]. Navarro, who was employed by Balcacer in his automotive detailing business, occasionally used Balcacer's wife's car. [Id. at 4].

---

[1] Unless otherwise noted, all pincites refer to ECF pagination.

In September 2012, local police and the federal Drug Enforcement Administration began an investigation into Navarro concerning controlled drug purchases. [Id. at 4]. Interest in Jose Balcacer arose because Navarro used Balcacer's wife's white Mitsubishi during several of these transactions. [Id.] On October 16, 2012, Navarro was involved in another controlled purchase; he left 2 McIntyre Court, traveled to Northshore Mall with his girlfriend, and completed the transaction there. [Id. at 5]. Later that day, Navarro arranged a second purchase and requested a ride from Balcacer to meet the buyer at Macy's. [Id.] Balcacer, who maintains he was unaware of Navarro's intentions or his drug dealings, drove him to Northshore Mall and stayed at Macy's while Navarro proceeded with the transaction. [Id. at 6-7]. The authorities surveilled Navarro and Balcacer's movements throughout the day. [Id. at 5-7].

Officers arrested Balcacer at Macy's, suspecting him of acting as a lookout. [Id.] At the time, they seized his car keys and conducted a warrantless search of his parked car, where they found house keys to 2 McIntyre Court. [Id. at 7]. Subsequently, a search warrant was executed at this address, leading to the discovery of records belonging to Balcacer, as well as equipment used to dispense and "cut" heroin, located on the first floor. [Id. at 7-8, 23-26]. A few months later, a grand jury indicted Balcacer, charging him with one count of trafficking in 200 grams or more of heroin and one count of trafficking in 100 grams or more of heroin. [ECF No. 16 at 2].

Before trial, Balcacer filed a motion to dismiss and three motions to suppress, all of which were denied. [ECF No. 16-4 at 2]. In 2015, a jury convicted Balcacer on both counts of the indictment, sentencing him to twelve years for the first count and eight years for the second. [Id.] Since his conviction, Balcacer has filed two motions for a new trial,[2] twice received appellate

---

[2] Hampden Superior Court Docket 1377CR00088, Dkt. No. 80 & 99.

review by the Massachusetts Appeals Court ("MAC"),[3] and filed two Applications for Leave to

Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court

("SJC").[4] On August 11, 2023, Balcacer filed the current petition for Writ of Habeas Corpus. [ECF

No. 1].

## II.   <u>Legal Standard</u>

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

[petition] must contain enough factual material to raise a right to relief above the speculative level

and state a facially plausible legal claim." <u>Schmitt v. Bowers</u>, No. 23-13203, 2024 U.S. Dist.

LEXIS 64532, at *1 (D. Mass. Apr. 9, 2024). The Court must accept as true all well-pleaded facts,

analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual

inferences in favor of the [Petitioner]." <u>Levine v. U.S. Dep't of Fed. Bureau of Prisons</u>, No. 20-

11833, 2021 U.S. Dist. LEXIS 32202, at *3 (D. Mass. Feb. 22, 2021).

In <u>Rose v. Lundy</u>, the Supreme Court instituted a "total exhaustion" rule, which requires

district courts to dismiss habeas petitions containing both unexhausted and exhausted claims.[5] 455

U.S. 509, 522 (1982). "The exhaustion requirement is born of the principle that as a matter of

comity, federal courts should not consider a claim in a habeas corpus petition until after the state

courts have had an opportunity to act." <u>Putnam v. Alves</u>, No. 22-10038, 2023 U.S. Dist. LEXIS

40483, at *8 (D. Mass. Mar. 10, 2023) (citing <u>Coningford v. Rhode Island</u>, 640 F.3d 478, 482 (1st

---

[3] <u>Commonwealth v. Balcacer</u>, No. 18-P-1621, 142 N.E.3d 91 (Table), 2020 WL 1158014, at *1 (Mass. App. Ct. March 10, 2020) (unpublished opinion) (affirming conviction); <u>Commonwealth v. Balcacer</u>, No. 22-P-683, 209 N.E.3d 79 (Table), 2023 WL 3028313, at *2 (Mass. App. Ct. April 21, 2023) (unpublished opinion) (affirming denial of motion for new trial).

[4] <u>Commonwealth v. Balcacer</u>, 149 N.E.3d 708 (Mass. 2020) (Table) (FAR denied); <u>Commonwealth v. Balcacer</u>, 215 N.E.3d 392 (Mass. 2023) (Table) (FAR denied).

[5] Petitions that contain both exhausted and unexhausted claims are referred to as "mixed petitions."

Cir. 2011)). It is the responsibility of the petitioner to show that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim" in a manner that is "face-up and squar[e]." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). To meet the exhaustion requirement, a "petitioner must demonstrate that he tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. This can be achieved through "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and the assertion of a state-law claim that is functionally identical to a federal constitutional claim." Coningford, 640 F.3d at 482. "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Durand v. Goguen, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (quoting Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007)). As the SJC offers discretionary review over the MAC, "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR." Id. (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988)). Where the SJC summarily denied petitioner's FAR application without explaining the reasons for rejecting the petitioner's claims, this Court looks to the last reasoned state court decision (here, the MAC's) and assumes it sets forth the substance of "the grounds for the higher court's decision." See Wilson v. Sellers, 138 S. Ct. 1188, 1196 (2018).

Petitioners must exhaust both the legal theory and the factual allegations of their habeas claim. Fahey v. Dickhaut, No. 92-40131, 1994 U.S. Dist. LEXIS 9955, at *6 (D. Mass. July 15, 1994); Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987) ("if a petitioner 'presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different

light,' the claim is not exhausted.") (quoting <u>Domaingue v. Butterworth</u>, 641 F.2d 8, 12 (1st Cir. 1981))). "Petitioner[s] [are] not precluded from some reformulation of the claims [they] made in the state courts, since exhaustion requires only that 'the substance of a federal habeas corpus claim must first be presented to the state courts.'" <u>Lanigan v. Maloney</u>, 853 F.2d 40, 44 (1st Cir. 1988) (quoting <u>Williams v. Holbrook</u>, 691 F.2d 3, 6 (1st Cir. 1982)). However, the First Circuit has also cautioned that "'some claims of constitutional violations – such as ineffective assistance of counsel or unfair trial – encompass an almost limitless range of errors,' and thus the exhaustion analysis with respect to the factual allegations is more stringent." <u>Fahey</u>, 1994 U.S. Dist. LEXIS 9955, at *6 (quoting <u>Lanigan</u>, 853 F.2d at 45). Accordingly, a "petitioner must present the state court with precisely the same underpinnings of his ineffective assistance of counsel argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition." <u>Id.</u> at *7 (citing <u>Laws v. Armontrout</u>, 834 F.2d 1401, 1412 (8th Cir. 1987)).

In the years since <u>Rose v. Lundy</u> was decided, district courts are no longer required to automatically dismiss habeas petitions that contain a mix of exhausted and unexhausted claims. Instead, courts have three options for handling such petitions: (1) dismiss the petition without prejudice, (2) stay the case while the petitioner exhausts state court remedies, or (3) allow the petitioner to amend their petition and voluntarily dismiss the unexhausted claims. <u>DeLong v. Dickhaut</u>, 715 F.3d 382, 386-87 (1st Cir. 2013). The First Circuit recommends the third option as best practice, encouraging district courts to give petitioners the opportunity to dismiss unexhausted claims. <u>Id.</u> at 387. However, the First Circuit has also stated that a habeas petition that presents facts to the federal court different from those presented to the state courts should be dismissed, allowing state courts the initial opportunity to address the claim. <u>Fahey</u>, 1994 U.S. Dist. LEXIS 9955, at *7.

### III.   <u>Discussion</u>

Balcacer raises ten (10) separate grounds in support of his habeas claim: (1) ineffective assistance of trial counsel, (2) a lack of probable cause for the indictment, (3) unconstitutional seizure of his car and house keys and unconstitutional search of his car and 2 McIntyre Court, (4) improper testimony that exceeded the scope of a lay witness, (5) improper opening and closing arguments that tainted the jury, (6) withholding of exculpatory evidence, (7) eliciting false testimony from a witness, (8) ineffective assistance of appellate counsel, (9) hearsay violating his right to confront witnesses, and (10) cumulative due process deprivation. [ECF No. 1-3 at 8-26]. For his claim to proceed, each ground, including its legal and factual basis, must have been raised within the four corners of either his 2020 or 2023 ALOFAR. <u>See</u> <u>Durand</u>, 388 F. Supp. 3d at 59 (quoting <u>Mele</u>, 850 F.2d at 820). The Court has identified that at least one of Balcacer's grounds for relief remains unexhausted. For judicial economy, this opinion will provide a detailed analysis of each ground, whether raised by the Respondent or not, so that Balcacer is advised as to which claims he must voluntarily dismiss should he seek to amend his petition.

#### a.   **Ground One – Ineffective Assistance of Trial Counsel**

The first ground Balcacer raises in his habeas petition is the ineffective assistance of trial counsel, citing violations of the Sixth and Fourteenth Amendments. [ECF No. 1-3 at 8]. He presents thirteen different factual bases to support this claim: (#1) failure to introduce tax returns, (#2) failure to impeach Special Agent Flaherty, (#3) failure to assert a meritorious defense against misleading grand jury testimony, (#4) failure to suppress Natasha Balcacer's statements, (#5) failure to obtain Macy's security camera footage, (#6) failure to obtain a limiting instruction as to Agent Karamourtopoulos, (#7) failure to object to inadmissible identification, (#8) failure to object to hearsay, (#9) poor questioning that led to improper testimony, (#10) failure to call Navarro,

(#11) failure to object to improper closing arguments, (#12) failure to call Hernandez, and (#13) failure to object to the Commonwealth's use of the collective knowledge doctrine. [Id. at 8-12].

Divris argues that Balcacer's 2020 and 2023 ALOFARs failed to address three of these key issues: (#2) the impeachment of Special Agent Flaherty, (#3) the grand jury issue, and (#5) the missing Macy's security camera footage. As discussed below, the Court concurs with Respondent that Balcacer has not exhausted these three issues. Additionally, the Court finds that the issue concerning (#11) the failure to object to improper closing arguments is unexhausted.

Aside from the four issues mentioned above, all other factual allegations were adequately presented to the SJC. The 2020 ALOFAR included exhausted arguments regarding (#1) the failure to submit tax returns and (#4) the failure to suppress Natasha Balcacer's statements. [Id. at 8-9]. The 2023 ALOFAR documented exhausted arguments (#10 & #12) regarding the failure to call Hernandez and Navarro, (#6) the failure to obtain a limiting instruction as to Agent Karamourtopoulos, (#7 & #8 & #9) the failure to object to inadmissible identification and hearsay and improper closing arguments, and (#13) the failure to object to the collective knowledge doctrine. [ECF No. 16-4 at 17-20]. Each of these arguments was classified under the category "ineffective assistance of counsel" and cited to Strickland v. Washington, 466 U.S. 668 (1984), which establishes the right of criminal defendants to reasonably effective legal counsel at trial. [See, e.g., ECF No. 16-3 at 10; 6-4 at 17]. This classification and reference would have sufficiently alerted a reasonable jurist to the Sixth Amendment issues, thus confirming that these claims are exhausted. See Adelson, 131 F.3d at 262.

Regarding the unexhausted claims, the first issue involves (#2) trial counsel's failure to impeach Special Agent Flaherty. [6] [ECF No. 1-3 at 8]. Although both ALOFARs mention that Flaherty's testimony was inconsistent with both his prior statements and Balcacer's personal testimony, they fail to frame this inconsistency with a legal argument. [ECF No. 16-3 at 5; 16-4 at 4-5]. Balcacer did not cite any legal rights or relevant case law when discussing Special Agent Flaherty; instead, he simply included these details within the factual narrative without presenting them as part of a legal claim. [ECF Nos. 16-3 & 16-4]. Consequently, while the SJC noted the inconsistent testimony during the trial, Balcacer did not effectively link this issue to a federal legal claim that could be considered as a basis for claiming ineffective assistance of counsel. Therefore, this issue remains unexhausted due to its inadequate presentation as a legal ground for relief.

The second unexhausted issue pertains to (#3) the failure to assert a meritorious defense against misleading grand jury testimony. [ECF No. 1-3 at 8]. The main issue here is that Balcacer inconsistently raises defects with his "trial counsel" in some of his appeals, while he omits references to "trial counsel" elsewhere and instead attributes defects to his "appellate counsel." Since he was represented by different attorneys for both his trial and his appeal, these distinctions are critical. In the 2023 ALOFAR, all discussions related to grand jury issues are associated with ineffective assistance of appellate counsel, not trial counsel. [See ECF No. 16-4 at 20]. A reasonable jurist, when presented with this claim discussing *appellate counsel* would not have been alerted to the argument that *trial counsel* was ineffective as well. Consequently, the SJC was not made aware of the alleged failure by trial counsel to challenge statements made to the grand

---

[6] The Court notes that the MAC did consider the claim that Balcacer's trial counsel was ineffective for failing to impeach Special Agent Flaherty, and that the court rejected this argument. Commonwealth v. Balcacer, 2020 WL 1158014, at *7 n.6.

jury. As a result, the justices did not have an opportunity to evaluate the facts of this claim adequately. Therefore, this claim remains unexhausted. [7]

The third unexhausted issue concerns (#5) the failure to obtain Macy's security camera footage. [ECF No. 1-3 at 9]. Once again, this issue is mentioned only within the factual background of both ALOFARs and is not connected to a clear legal claim. [ECF No. 16-3 at 5-7; 16-4 at 4-6]. For claims intended for habeas corpus relief, it is essential that they be presented "face-up and squarely" to the state's highest court, allowing the court to see the issue and have the first opportunity to vindicate the petitioner's rights. Adelson, 131 F.3d at 262 (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). Since the issue regarding Macy's footage was not adequately framed as a legal claim to the SJC, it remains unexhausted.

The fourth unexhausted claim under "ineffective assistance of counsel" relates to (#11) trial counsel's failure to object to the prosecutor's closing argument. [ECF No. 1-3 at 8]. Just as with (#3), discussed above, here, Balcacer inconsistently attributes issues to his "trial counsel" in some appeals, while in others, he points to his "appellate counsel." In his 2020 ALOFAR, he refers to "improper witness opinions and errors in the Commonwealth's arguments at opening and closing," whereas the 2023 ALOFAR cites "appellate counsel's failure" to address these issues. [See e.g., ECF No. 16-3 at 8; 16-4 at 21]. These two claims are inconsistent. A reasonable jurist reviewing the appellate counsel's errors would not necessarily infer an issue with the trial counsel's effectiveness. Therefore, because Balcacer's habeas petition specifically alleges errors made by the trial counsel, this claim remains unexhausted.

---

[7] Looking to Balcacer's 2020 ALOFAR yields no different result. Balcacer's 2020 ALOFAR makes one fleeting reference of "insufficiency of proof before the Grand Jury," but does not mention this basis in relation to any ineffective assistance of trial counsel claim, and Balcacer does not cite any case law or federal provision in relation to the allegation. [ECF No. 16-3 at 8].

Finally, it is important to note that, in support of the factual issues raised. Balcacer claims that the general statement in his 2020 ALOFAR that "the case, in its entirety, merits review" should have sufficed to alert the SJC to review the Massachusetts Appeals Court ("MAC") ruling, which addressed some of the unexhausted issues discussed above. [ECF No. 16-3 at 8]. For instance, in his first appeal, the MAC discussed claim (#5) that trial counsel was ineffective for failing to obtain surveillance footage of Defendant's arrest at Macy's. [Id. at 112]. Balcacer contends that this broad, seven-word statement should have been enough to exhaust all claims, arguing that the SJC should have reviewed each element of the MAC's discussion, such as claim (#5). However, this approach overlooks the fair presentment rule and would fundamentally alter habeas review. Under such a rule, any claim would be considered exhausted provided the appellate counsel simply stated in their ALOFAR that "the whole case merits review." The Court recognizes that ALOFARs are limited to 10 pages or 2,000 words but refuses to deviate from the longstanding requirement that for exhaustion purposes, "the issue must have been raised 'within the four corners of the ALOFAR.'" See Durand, 388 F. Supp. 3d at 59 (quoting Mele, 850 F.2d at 820). The Court concludes that arguments merely referenced by cumulative review or arguments that appear in a MAC decision attached to an ALOFAR but that are not explicitly advanced in the application itself do not meet the exhaustion requirement.

Accordingly, the Court finds that Ground One, "ineffective assistance of counsel," contains both exhausted and unexhausted issues. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

**b. Ground Two – Lack of Probable Cause for the Grand Jury to Issue an Indictment**

The second ground Balcacer raises in his habeas petition is that the grand jury lacked probable cause to indict him for tracking heroin, in violation of Mass. Gen. Laws. c. 94c § 32E(b).

[ECF No. 1-3 at 12]. Divris claims that this argument is unexhausted; nevertheless, the Court will still address the merits directly in the interests of judicial economy. See Coningford, 640 F.3d at 483 (explaining that a federal habeas court may reach the merits of an unexhausted claim to dismiss it). For Balcacer to obtain relief, there must be evidence of a violation of clearly established federal law or an unreasonable factual determination by the state court. See 28 U.S.C. §2254(d). However, "[t]here is no federal constitutional right to a state grand jury hearing . . . Supreme Court precedent . . . [only] requires states to provide notice of the specific charges against a defendant and a chance to defend against those charges." Matthews v. Ryan, No. 15-12681, 2016 U.S. Dist. LEXIS 48407, at *6-7 (D. Mass. Apr. 11, 2016). "Once a petit jury has returned a guilty verdict. . . the petit jury's 'verdict is unassailable' on the ground that the evidence before the grand jury was inadequate or improper." Id. at 7 (quoting Goodrich v. Hall, 448 F.3d 45, 50 (1st Cir. 2006)). Given that Balcacer has been convicted by a jury of his peers, any challenges to the facts before the grand jury are not permissible on habeas review. Therefore, Ground Two is DISMISSED with prejudice.

c.  **Ground Three – Unconstitutional Search/Seizure[8]**

Divris does not challenge the exhaustion of Balcacer's Fourth Amendment unconstitutional search and seizure claim. [ECF No. 16 at 11]. Instead, he argues that this claim is not cognizable under habeas law. [Id.] Without belaboring the point, the Court assumes that the claim is exhausted and evaluates whether there is a facially plausible legal claim under federal law.

Balcacer contends that his keys were unconstitutionally seized, and his home was searched without a warrant following his arrest, in violation of the Fourth Amendment. [ECF No. 1-3 at 13-

_____

[8] While Divris only raised Ground One, Two, Four, Five, Nine, and Ten as unexhausted and explicitly reserves the right to argue that the other grounds are unexhausted at a later point, the Court has reviewed the exhaustion of all claims for the purposes of judicial efficiency. The Court has all the facts necessary to determine the issue without additional filings from the parties.

15]. The Supreme Court has held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 482 (1976).[9] In response to this precedent, Balcacer argues that he was denied a "full and fair opportunity" to litigate the issue due to ineffective legal representation at both trial and appellate levels. [ECF No. 17 at 17]. However, the "full and fair opportunity" standard focuses on the procedures available for litigating Fourth Amendment claims, not on the actual litigation process. Fort v. Grant, No. 09-11804, 2010 U.S. Dist. LEXIS 24758, at *2 (D. Mass. Mar. 17, 2010) (quoting Sanna v. DiPaolo, 265 F.3d 1, 9 (1st Cir. 2001) ("a full and fair opportunity to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations.")

In Balcacer's case, the procedural history indicates that the Massachusetts courts provided him with adequate opportunities to challenge the search and seizure: he filed a motion to suppress, had it heard, and appealed up to the MAC and SJC. [ECF No. 16 at 13-14].

Accordingly, Balcacer's Fourth Amendment claim does not warrant federal habeas review and is DISMISSED with prejudice. See Stone, 428 U.S. at 481-82.

### d.  Ground Four – Improper Opinions by Lay Witness

Balcacer's fourth ground for relief alleges violations of his Fifth, Sixth, and Fourteenth Amendment right during his trial due to improper opinion testimony from law enforcement officers

---

[9] "Stone does, in fact, bar petitioner's Fourth Amendment claim notwithstanding his claim of ineffective assistance. However, [he] may still bring a Sixth Amendment ineffective assistance of counsel claim based on counsel's alleged failure to vitiate his Fourth Amendment rights." Why v. Barnes, No. 07-888, 2011 U.S. Dist. LEXIS 69017 at *18 (C.D. Cal. May 17, 2011).

and a confidential informant. [ECF No. 1-3 at 15]. Specifically, Agent Coletti expressed his "professional opinion" that the first floor was a "stash" area and labeled Balcacer as the "organizational head." [Id.] Detective Ricci, testifying that he was a "drug detective," discussed the heroin market. [Id. at 16]. Detective Donahue interpreted an Excel sheet found in the first-floor apartment as an "owe sheet," and the confidential informant discussed the role of "testers" and the need for transactional security during sales. [Id.] Divris argues that these claims are unexhausted because they are "nested" within the broader "ineffective assistance of counsel" claim. [ECF No. 16 at 7]. In response, Balcacer requests that the court apply the "liberal pleading standard" and find the opposite—that the claim was exhausted through its inclusion in the "ineffective assistance of counsel" claim. [ECF No. 17 at 9].

Fair presentment requires that a claim be presented "face-up" to a state's highest court. Adelson, 131 F.3d at 262 (quoting Martens, 836 F.2d at 717.). In his 2023 ALOFAR, Balcacer argues that "[t]his testimony's erroneous admission deprived Balcacer his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and impartial jury where officer's gave personal opinion, without foundation, and drew conclusions that for the jury to decide." [ECF No. 16-4 at 21 (citing US v. Sanabria, 645 F.3d 505, 516 (1st Cir. 2011)]. Although this statement suggests to a reasonable jurist a potential violation of Petitioner's rights, it was presented within the context of ineffective assistance of appellate counsel. [Id.] The First Circuit has not yet decided whether a claim of ineffective assistance of counsel exhausts both the Sixth Amendment claim *as well as* the underlying constitutional violation. According to law in the District of Massachusetts, "[p]resenting a claim of ineffective assistance of counsel for failure to raise a constitutional claim does not serve to exhaust the underlying claim for purposes of federal habeas review." DeGennaro v. Dolan, No. 18-10960, 2018 U.S. Dist. LEXIS 204688, at *6 (D. Mass. Dec. 4, 2018) (citations

omitted). Therefore, because Balcacer's constitutional claims were framed within an ineffective assistance of counsel argument, they were not presented in a manner that sufficiently alerted the SJC to the need to independently resolve these constitutional issues.

Consequently, Ground Four is unexhausted. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

### e.   Ground Five – Improper Arguments Tainting the Jury

Next, Balcacer alleges prejudicial testimony tainted the jury due to improper opening and closing arguments by the prosecutor. [ECF No. 1-3 at 18]. He mentions this issue in both ALOFARs; however, both fail to exhaust the underlying constitutional claim. In his 2020 ALOFAR, Balcacer raised "errors in the Commonwealth's arguments at opening and closing" as a ground of appeal but did not present a federal basis for the claim. [ECF No. 16-3 at 8]. While there is no strict requirement for demonstration the federal dimensions of a claim, it typically necessitates a reference to a Constitutional Amendment, citation of a Supreme Court case, or reliance on a state case that involves federal grounds. See Coningford, 640 F.3d at 482. Balcacer's 2020 ALOFAR lacks any such indications. Meanwhile, the 2023 ALOFAR raises this claim within the context of ineffective assistance of appellate counsel. [ECF No. 16-4 at 21]. As discussed *supra*, raising a claim within an ineffective assistance of counsel claim only exhausts it as to the right to reasonably effective counsel, not the underlying Constitutional claim itself.

Therefore, Ground Five is unexhausted. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

### f.   Ground Six – Withheld Evidence

Balcacer's sixth assertion is that the prosecution withheld exculpatory evidence, specifically Hernandez's statement, contact, and identifying information. [ECF No. 1-3 at 19].

While Divris does not argue that this ground is unexhausted, the Court will still examine whether it is exhausted.[10]

To exhaust a claim, Balcacer must have raised it within the four corners of one of the ALOFARs and clearly informed a reasonable jurist of the federal question. See Durand, 388 F. Supp. 3d at 59 (quoting Mele, 850 F.2d at 820). His 2023 ALOFAR does just that—it raises that "skirting his ethical and constitutional duties, the ADA . . . failed to record exculpatory evidence." [ECF No. 16-4 at 11]. He then cites to Brady v. Maryland, 373 U.S. 83 (1963), the landmark federal case establishing the duty of a prosecutor to give exculpatory evidence to a criminal defendant. This citation clearly informs a reasonable jurist of the federal dimensions of this claim.

Thus, Ground Six is exhausted and may proceed.

### g.   Ground Seven – Knowingly False Statement Elicited by Prosecutor

Balcacer's next ground for relief involves the prosecutor's elicitation of knowingly false statements, which has not been contested by Divris regarding its exhaustion. [ECF No. 1-3 at 21]. Nonetheless, the Court will still consider whether it is indeed exhausted.[11]

Ground Seven involves Agent Coletti testifying that he observed Navarro entering and exiting 2 McIntyre Court during every drug deal. [Id.] Balcacer's 2023 ALOFAR states that "[t]he Commonwealth elicited perjury from Agent Coletti," and cites Napue v. Illinois, 360 U.S. 264 (1959), the leading case on convictions obtained through false testimony. [ECF No. 16-4 at 16]. This citation would have alerted a reasonable jurist on the SJC to the federal due process issue arising from the false testimony.

Therefore, Ground Seven is exhausted and may proceed.

---

[10] See n.8, *supra*.

[11] See n.8, *supra*.

### h.  Ground Eight – Ineffective Assistance of Appellate Counsel

In addition to Ground One, claiming ineffective assistance from his trial counsel, Balcacer also alleges ineffective assistance from his appellate counsel. [ECF No. 1-3 at 22]. While Divris does not challenge the exhaustion of this Ground, the Court will still examine it. [12]

Balcacer raises six individual factual bases for his claim of ineffective assistance by his prior appellate counsel: (#1) failure to raise the federal implications of Agent Coletti's testimony, (#2) failure to address issues related to Natasha Balcacer's statements to the grand jury, (#3) failure to challenge the closing statements, (#4) failure to contest improper opinion testimony, (#5) failure to challenge the use of the collective knowledge doctrine, and (#6) failure to raise hearsay issues. [ECF No. 1-3 at 22-23]. [13]

The Court finds that the first four allegations listed above are exhausted, although the first issue concerning Agent Coletti's testimony is a closer call. Balcacer sufficiently raised (#2) the grand jury issue, (#3) the failure to challenge the closing statements, and (#4) the failure to contest improper testimony as factual bases within his 2023 ALOFAR. [ECF No. 16-4 at 16, 20, 21, 20 (cited in order of the allegations listed above)]. Moreover, a reasonable jurist would have been alerted to the federal legal dimensions of these claims. These issues are explicitly listed under the section labeled "ineffective assistance of appellate counsel," which cites to Evitts v. Lucey, 469 U.S. 387 (1985), establishing the right to effective appellate counsel on a defendant's first appeal. [ECF No. 16-4 at 20].

---

[12] See n.8, *supra*.

[13] The Court has taken these out of order from the operative petition to group exhausted claims together.

The first issue, concerning (#1) the alleged failure to challenge Agent Coletti's testimony, is more nuanced. The discussion appears under the label "Knowingly Perjured Testimony Requires a New Trial," but Balcacer clarifies that it was the "[p]rior counsels' failure," implicating both his trial and appellate counsel, and supports this claim with a citation to Evitts. [ECF No. 16-4 at 15]. Again, this issue is raised in the section titled, "Ineffective Assistance of *Appellate* Counsel," (emphasis added), thus making Balcacer's citation to Evitts, rather than Strickland, particularly relevant. By framing the issue this way and citing the relevant legal authority, Balcacer effectively presents these statements as both stand-alone claims and as failures of prior counsel, thereby alerting a reasonable jurist to the federal questions involved.

Moving to the first of the two unexhausted claims, issue (#5) concerns the prior appellate counsel's alleged failure to challenge the collective knowledge doctrine in the motion to suppress. [ECF No. 16-4 at 18]. Balcacer addressed this in his 2023 ALOFAR, stating, "if [challenging the collective knowledge doctrine was] waived, then prior counsel's failure was ineffective. Strickland." However, unlike issue (#1) related to Agent Coletti's perjured statements, which was attributed to both trial and appellate counsel, this specific failure was only attributed to trial counsel. Since the Strickland case primarily concerns the effectiveness of counsel at the trial level and no other case was cited, a reasonable jurist would be alerted to the federal dimensions concerning the failure of Balcacer's trial counsel, but not his appellate counsel. See 466 U.S. at 671-78 (discussing strategic decisions by defendant's attorney at the trial level).

The second unexhausted claim involves (#6) the failure to raise a hearsay objection. This issue mirrors the analysis above: Balcacer explicitly raised this in the context of ineffective assistance of trial counsel but did not extend it to include appellate counsel. [ECF No. 16-4 at 17-18].

17

In both instances, Balcacer did not sufficiently inform a reasonable jurist of any federal question regarding the ineffectiveness of Balcacer's appellate counsel. Therefore, issues (#5) and (#6) raised by Balcacer in Ground Eight remain unexhausted. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

### i.   Ground Nine – Confrontation Clause Violation

Balcacer's ninth ground for relief asserts that he was deprived of his right to confront witnesses due to the admission of improper, prejudicial hearsay. [ECF No. 1-3 at 24-26].  Divris argues that this ground is unexhausted because it was nested within Balcacer's ineffective assistance of counsel claim. [ECF No. 16 at 7].

An exhaustive search of the record reveals that hearsay issues were mentioned only in Balcacer's 2023 ALOFAR, which stated, "[t]he [above referenced hearsay] statements' admission deprived Balcacer of his right to confront and cross-examine, to due process and a fair trial. . . This was ineffective."[14] [ECF No. 16-4 at 19]. As the Court stated *supra*, merely raising a claim within the context of ineffective assistance of counsel does not exhaust the underlying Constitutional violation.

Therefore, Ground Nine is unexhausted. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

### j.   Ground Ten – Cumulative Due Process Violation

---

[14] While the Petitioner raises several cases to exhaust the underlying claim, the Court finds that these did not suffice to indicate to a reasonable jurist the Federal dimensions of the claim. Commonwealth v. Borans was the only case that Petitioner cited that is on point and there is only a single sentence about the right to reasonable cross-examination. 393 N.E.2d 911, 931 (Mass. 1979). All the other cases Petitioner cited regarded different Constitutional issues than the ones he raises.

Lastly, Balcacer argues that the combined errors raised in Grounds One through Nine cumulatively violated his due process rights. [ECF No. 1-3 at 26-27]. Divris argues that this cumulative error claim is unexhausted, noting discrepancies between the issues raised in the 2020 ALOFAR and those included in the 2023 ALOFAR's cumulative error argument. [ECF No. 16 at 8]. Based on established precedent, when all the claims presented in a petition have not been presented to the SJC, any cumulative or combined claim before this court is deemed unexhausted. Janosky v. St. Amand, No. 08-10713, 2008 U.S. Dist. LEXIS 123711, at *19 (D. Mass. Nov. 17, 2008) (quoting Burbank v. Maloney, 47 F. Supp. 2d 159, 164 (D. Mass. 1999)).

Therefore, Balcacer's cumulative error claim is considered unexhausted. Balcacer shall be given an opportunity to amend his petition to remove the unexhausted grounds.

## IV.    **Conclusion**

For the foregoing reasons, the Court determines that Balcacer's petition contains both exhausted and unexhausted issues. Ground One is partially unexhausted, while Grounds Two and Three are DISMISSED on the merits with prejudice. Grounds Four, Five, Six and Seven are entirely exhausted, indicating they have been fully presented to the state courts. Ground Eight is partially unexhausted, and Ground Nine is completely unexhausted. Ground Ten, which alleges a cumulative due process violation, is unexhausted to the extent that it relies on other unexhausted grounds.

Since the Court cannot adjudicate a mixed petition, Balcacer is given 60 days, until August 17, 2024, to amend his petition to voluntarily dismiss the unexhausted claims. See DeLong, 715 F. 3d at 387 ("where a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims."). Should Balcacer fail to amend

19

his petition within the allotted time frame, all remaining unexhausted grounds will be dismissed without prejudice.

## V.    **Certificate of Appealability**

The statute governing appeals of final orders in habeas corpus proceedings provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Muller v. Goguen, 385 F. Supp. 3d 121, 130 (D. Mass. 2019) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.'" United States v. Cintron, 281 F. Supp. 3d 241, 242 (D. Mass. 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)). In ruling on an application for a COA, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

The Court denies the COA with respect to Grounds One, Two, Three, Eight, and Ten because Petitioner cannot demonstrate that reasonable jurists would debate whether his claims were exhausted or whether good cause existed to excuse the lack of exhaustion. Furthermore, it is established that there is no federally recognized claim regarding Grounds Two and Three. Conversely, the Court grants the COA for Grounds Four, Five, and Nine because the First Circuit has not yet decided whether embedding a constitutional claim within an ineffective assistance of counsel claim serves to exhaust both the ineffective assistance of counsel claim and the underlying constitutional claim. The Court finds that Grounds Six and Seven were properly exhausted, and

although Balcacer would be unlikely to appeal this determination, the Court denies the COA with

respect to these grounds because no reasonable jurist would debate this conclusion.


**SO ORDERED.**

Dated: June 18, 2024

 /s/ Margaret R. Guzman    
Margaret R. Guzman
United States District Judge
