UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE BALCACER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil No. 4:23-CV-11843-MRG |
| MATTHEW DIVRIS, | ) ) ) | |
| Respondent. | ) ) ) | |

**ORDER ON RESPONDENT'S MOTION TO DISMISS THE AMENDED PETITION**
**(ECF No. 30)**

**GUZMAN, J.**

Before the Court is Respondent Matthew Divris's ("Divris") Motion to Dismiss Petitioner Jose Balcacer's ("Balcacer") Amended Petition for the Writ of Habeas Corpus [ECF Nos. 30; 27]. Divris argues that the Court should dismiss the petition because Balcacer has failed to exhaust his state court remedies for certain claims. Balcacer is currently incarcerated at North Central Correctional Institution ("NCCI"), and Divris is appearing in his official capacity as Superintendent of NCCI. For the following reasons, the motion is **GRANTED**. The Court also **GRANTS** a certificate of appealability to Balcacer for Grounds Two, Three, Seven, and Eight.

**I.    BACKGROUND**

   **A.  Relevant Facts**

The relevant facts are as follows: Balcacer owned a property located at 2 McIntyre Court in Peabody, Massachusetts, and resided on the second floor-apartment with his then-wife and their

three children. [ECF No. 16-3 at 3].[1] Balcacer rented the first-floor apartment to Sergio Hernandez and had a friendly relationship with Hernandez's cousin, Robert Navarro. [Id. at 3-4]. Navarro, who was employed by Balcacer in his automotive detailing business, occasionally used Balcacer's wife's car. [Id. at 4].

In September 2012, local police and the federal Drug Enforcement Administration began an investigation into Navarro concerning controlled drug purchases. [Id. at 4]. Interest in Jose Balcacer arose because Navarro used Balcacer's wife's white Mitsubishi during several of these transactions. [Id.] On October 16, 2012, Navarro was involved in another controlled purchase; he left 2 McIntyre Court, traveled to Northshore Mall with his girlfriend, and completed the transaction there. [Id. at 5]. Later that day, Navarro arranged a second purchase and requested a ride from Balcacer to meet the buyer at Macy's. [Id.] Balcacer, who maintains he was unaware of Navarro's intentions or his drug dealings, drove him to Northshore Mall and stayed at Macy's while Navarro proceeded with the transaction. [Id. at 6-7]. The authorities surveilled Navarro and Balcacer's movements throughout the day. [Id. at 5-7].

Officers arrested Balcacer at Macy's, suspecting him of acting as a lookout. [Id.] At the time, they seized his car keys and conducted a warrantless search of his parked car, where they found house keys to 2 McIntyre Court. [Id. at 7]. Subsequently, a search warrant was executed at this address, leading to the discovery of records belonging to Balcacer, as well as equipment used to dispense and "cut" heroin, located on the first floor. [Id. at 7-8, 23-26]. A few months later, a grand jury indicted Balcacer, charging him with one count of trafficking in 200 grams or more of heroin and one count of trafficking in 100 grams or more of heroin. [ECF No. 31 at 2].

B. Procedural History

---

[1] Unless otherwise noted, all pin cites refer to ECF pagination.

Before trial, Balcacer filed a motion to dismiss and three motions to suppress, all of which were denied. [ECF No. 16-4 at 2]. In 2015, a jury convicted Balcacer on both counts of the indictment, sentencing him to twelve years for the first count and eight years for the second. [Id.] Since his conviction, Balcacer has filed two motions for a new trial,[2] twice received appellate review by the Massachusetts Appeals Court ("MAC"),[3] and filed two Applications for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC").[4] On August 11, 2023, Balcacer filed an initial petition for Writ of Habeas Corpus. [ECF No. 1]. Divris filed a motion to dismiss the petition on October 16, 2023. [ECF No. 15]. On June 18, 2024, this Court granted in part and denied in part Divris's motion, allowing Balcacer to amend his petition and remove all unexhausted claims. [ECF No. 18]. The Court also granted a certificate of appealability as to Grounds Four, Five, and Nine. [Id.] Balcacer appealed to the First Circuit, but, on September 27, 2024, the Appeals Court issued an Order for Balcacer to show cause why the appeal should not be dismissed for lack of jurisdiction as the judgment from this Court was not final, given that the Court granted leave to amend. [Appellate Case No. 24-1768]. On further research, Balcacer voluntarily dismissed his appeal and filed in this Court a motion for reconsideration and a motion to stay. [ECF Nos. 22, 23]. On January 30, 2025, this Court denied the motion for reconsideration as moot but granted in part the motion to stay, advising Balcacer to file an amended petition that is nearly identical to the original petition so the Court could make a final ruling and provide a certificate of appealability

---

[2] Hampden Superior Court Docket 1377CR00088, Dkt. No. 80 & 99.
[3] Commonwealth v. Balcacer, No. 18-P-1621, 142 N.E.3d 91 (Table), 2020 WL 1158014, at *1 (Mass. App. Ct. March 10, 2020) (unpublished opinion) (affirming conviction); Commonwealth v. Balcacer, No. 22-P-683, 209 N.E.3d 79 (Table), 2023 WL 3028313, at *2 (Mass. App. Ct. April 21, 2023) (unpublished opinion) (affirming denial of motion for new trial).
[4] Commonwealth v. Balcacer, 149 N.E.3d 708 (Mass. 2020) (Table) (FAR denied); Commonwealth v. Balcacer, 215 N.E.3d 392 (Mass. 2023) (Table) (FAR denied).

properly. [ECF No. 26]. On March 7, 2025, Balcacer filed the current Amended Petition for Writ of Habeas Corpus. [ECF No. 27]. On November 24, 2025, Respondent filed a motion to dismiss Balcacer's Amended Petition. [ECF No. 30]. On December 15, 2025, Petitioner filed an opposition to the motion to dismiss. [ECF No. 34].

## II.     LEGAL STANDARDS

"To survive a motion to dismiss under the Rule 12(b)(6) standard, the [petition] must 'contain enough factual material to raise a right to relief above the speculative level . . . and state a facially plausible legal claim." Schmitt v. Bowers, No. 23-cv-13203-ADB, 2024 U.S. Dist. LEXIS 64532, at *1 (D. Mass. Apr. 9, 2024) (quoting Smith v. Spaulding, No. 19-cv-10112, 2019 U.S. Dist. LEXIS 211518, at *2 (D. Mass. Dec. 9., 2019). The "Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the [Petitioner]." Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-cv-11833-ADB, 2021 U.S. Dist. LEXIS 32202, at *3 (D. Mass. Feb. 22, 2021).

In Rose v. Lundy, the Supreme Court instituted a "total exhaustion" rule, which requires district courts to dismiss habeas petitions containing both unexhausted and exhausted claims.[5] 455 U.S. 509, 522 (1982). "The exhaustion requirement, which codified preexisting law, is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" Putnam v. Alves, No. 22-10038-FDS, 2023 U.S. Dist. LEXIS 40483, at *8 (D. Mass. Mar. 10, 2023) (quoting Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011)). It is the responsibility of the petitioner to show that he "fairly and recognizably presented to the state courts the factual and legal bases of [his]

---

[5] Petitions that contain both exhausted and unexhausted claims are referred to as "mixed petitions."

4

federal claim" in a manner that is "face-up and squar[e]." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997).

To meet the exhaustion requirement, a "petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Id. (quoting Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994). This can be achieved through "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and the assertion of a state-law claim that is functionally identical to a federal constitutional claim." Coningford, 640 F.3d at 482. "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Durand v. Goguen, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (quoting Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007)). As the SJC offers discretionary review over the MAC, "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR.'" Id. (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988)). Where the SJC summarily denied petitioner's FAR application without explaining the reasons for rejecting the petitioner's claims, this Court looks to the last reasoned state court decision (here, the MAC's) and assumes it sets forth the substance of "the grounds for the higher court's decision." See Wilson v. Sellers, 584 U.S. 122, 132(2018).

Petitioners must exhaust both the legal theory and the factual allegations of their habeas claim. Fahey v. Dickhaut, No. 92-40131-NMG, 1994 U.S. Dist. LEXIS 9955, at *6 (D. Mass. July 15, 1994); Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987) ("if a petitioner 'presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly

5

different light,' the claim is not exhausted.") (quoting Domaingue v. Butterworth, 641 F.2d 8, 12 (1st Cir. 1981))). "Petitioner[s] [are] not precluded from some reformulation of the claims [they] made in the state courts, since exhaustion requires only that 'the *substance* of a federal habeas corpus claim must first be presented to the state courts.'" Lanigan v. Maloney, 853 F.2d 40, 44 (1st Cir. 1988) (quoting Williams v. Holbrook, 691 F.2d 3, 6 (1st Cir. 1982)). However, the First Circuit has also cautioned that "'some claims of constitutional violations – such as ineffective assistance of counsel or unfair trial – encompass an almost limitless range of errors,' and thus the exhaustion analysis with respect to the factual allegations is more stringent." Fahey, 1994 U.S. Dist. LEXIS 9955, at *6 (quoting Lanigan, 853 F.2d at 45). Accordingly, a "petitioner must present the state court with precisely the same underpinnings of his ineffective assistance of counsel argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition." Id. at *7 (citing Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)).

The First Circuit has not yet decided whether a claim of ineffective assistance of counsel exhausts both the Sixth Amendment claim *as well as* the underlying constitutional violation. According to law in the District of Massachusetts, "[p]resenting a claim of ineffective assistance of counsel for failure to raise a constitutional claim does not serve to exhaust the underlying claim for purposes of federal habeas review." DeGennaro v. Dolan, No. 18-10960, 2018 U.S. Dist. LEXIS 204688, at *6 (D. Mass. Dec. 4, 2018) (citations omitted). Other circuits have similarly indicated that ineffective assistance of counsel claims are distinct from the underlying constitutional claims for the purposes of assessing exhaustion. See Castillo v. McDaniel, 120 F. App'x 59, 64 (9th Cir. 2005) ("[F]or purposes of exhaustion, an ineffective assistance of counsel claim is separate and independent from the underlying constitutional violation upon which it is based."); see also Gattis v. Snyder, 278 F.3d 222, 237 n.6 (3d Cir. 2002) ("The District Court states

6

that [Petitioner] presented this [allegation of due process violation] to the Delaware Supreme Court as one of ineffective assistance of trial counsel, evidently concluding that that would be sufficient for exhaustion purposes. Aside from the fact that it would not be sufficient (because it involves a completely different legal theory), we do not see in the record where it was expressly presented to the [state court]." (citations omitted)).

In the years since Rose v. Lundy was decided, district courts are no longer required to automatically dismiss habeas petitions that contain a mix of exhausted and unexhausted claims. Instead, courts have three options for handling such petitions: (1) dismiss the petition without prejudice, (2) stay the case while the petitioner exhausts state court remedies, or (3) allow the petitioner to amend their petition and voluntarily dismiss the unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 386-87 (1st Cir. 2013). The First Circuit recommends the third option as best practice, encouraging district courts to give petitioners the opportunity to dismiss unexhausted claims. Id. at 387. However, the First Circuit has also stated that a habeas petition that presents facts to the federal court different from those presented to the state courts should be dismissed, allowing state courts the initial opportunity to address the claim. Fahey, 1994 U.S. Dist. LEXIS 9955, at *7.

### III.   DISCUSSION

Balcacer raises eight (8) separate grounds in support of his habeas claim: (1) ineffective assistance of trial counsel, (2) improper testimony that exceeded the scope of a lay witness, (3) improper opening and closing arguments that tainted the jury, (4) withholding of exculpatory evidence, (5) eliciting false testimony from a witness, (6) ineffective assistance of appellate counsel, (7) hearsay violating his right to confront witnesses, and (8) cumulative due process deprivation. [ECF No. 27 at 24-38]. For his claim to proceed, each ground, including its legal and

7

factual basis, must have been raised within the four corners of either his 2020 or 2023 ALOFAR. See Durand, 388 F. Supp. 3d at 59 (quoting Mele, 850 F.2d at 820). The Court has identified that at least one of Balcacer's grounds for relief remains unexhausted. For judicial economy, this opinion will provide a detailed analysis of each ground, whether raised by the Respondent or not.

### A.     Ground One – Ineffective Assistance of Trial Counsel

The first ground Balcacer raises in his habeas petition is the ineffective assistance of trial counsel, citing violations of the Sixth and Fourteenth Amendments. [ECF No. 27 at 24]. He presents ten different factual bases to support this claim: (#1) failure to introduce tax returns, (#2) failure to suppress Natasha Balcacer's statements, (#3) failure to obtain a limiting instruction as to Agent Karamourtopoulos, (#4) failure to object to inadmissible identification, (#5) poor questioning that led to improper testimony, (#6) failure to call Navarro, (#7) failure to object to hearsay, (#8) failure to call Hernandez, (#9) failure to object to the Commonwealth's use of the collective knowledge doctrine, and (#10) cumulative failures by trial counsel. [Id. at 24-26].

The Court finds that all factual allegations were adequately presented to the SJC. The 2020 ALOFAR included exhausted arguments regarding (#1) the failure to submit tax returns and (#2) the failure to suppress Natasha Balcacer's statements. [ECF No. 16-3 at 9-10]. The 2023 ALOFAR documented exhausted arguments (#6 & #8) regarding the failure to call Hernandez and Navarro, (#3) the failure to obtain a limiting instruction as to Agent Karamourtopoulos, (#4 & #7) the failure to object to inadmissible identification and hearsay, (#5) poor questioning that led to improper testimony, and (#9) the failure to object to the collective knowledge doctrine. [ECF No. 16-4 at 17-20]. The 2023 ALOFAR also raises the argument that (#10) these errors cumulatively deprived Balcacer of effective assistance of counsel. [Id. at 17]. Each of these arguments was classified under the category "ineffective assistance of counsel" and cited to Strickland v. Washington, 466

U.S. 668 (1984), which establishes the right of criminal defendants to reasonably effective legal counsel at trial. [See, e.g., ECF No. 16-3 at 10; 16-4 at 17]. This classification and reference would have sufficiently alerted a reasonable jurist to the Sixth Amendment issues, thus confirming that these claims are exhausted. See Adelson, 131 F.3d at 262.

Accordingly, the Court finds that Ground One, "ineffective assistance of counsel," is exhausted. However, because the Court finds other grounds below to be unexhausted, Balcacer presents a mixed petition, which cannot be adjudicated. See Delong, 715 F.3d at 387. Therefore, Ground One is **DISMISSED without prejudice.**[6]

B.    Ground Two – Improper Testimony of a Lay Witness

Balcacer's second ground for relief alleges violations of his Fifth, Sixth, and Fourteenth Amendment right during his trial due to improper opinion testimony from law enforcement officers and a confidential informant. [ECF No. 27 at 27]. Specifically, Agent Coletti expressed his "professional opinion" that the first floor was a "stash" area and labeled Balcacer as the

---

[6] As articulated in the Legal Standard, a district court may not adjudicate a mixed petition. See Delong, 715 F.3d at 387.  While the First Circuit recommends allowing the petitioner to amend their petition and voluntarily dismiss the unexhausted claims, this Court opts to dismiss the petition without prejudice. This is because the Court has already afforded Balcacer the opportunity to amend his petition once, [ECF No. 18], but expressly ordered him to include in his amended petition grounds that are based on ineffective assistance of counsel and an underlying constitutional violation, regardless of the prior order indicating these grounds were not exhausted, [ECF No. 26]. The Court's prior order [ECF No. 18] on Respondent's first motion to dismiss intended to certify for appeal the question of whether embedding a constitutional claim within an ineffective assistance of counsel claim serves to exhaust both the ineffective assistance of counsel claim and the underlying constitutional claim. However, in allowing Petitioner to amend his petition, the Court retained jurisdiction over the petition such that it was not ripe for consideration by the First Circuit. Accordingly, in this order, the Court indicates which grounds were exhausted or not exhausted according to law in the District of Massachusetts which holds "[p]resenting a claim of ineffective assistance of counsel for failure to raise a constitutional claim does not serve to exhaust the underlying claim for purposes of federal habeas review." DeGennaro, 2018 U.S. Dist. LEXIS 204688, at *6 (citations omitted). But the Court refrains from adjudicating the merits of the claims pending review and possible remand by the First Circuit.

9

"organizational head." [Id.] Detective Ricci, testifying that he was a "drug detective," discussed the heroin market. [Id.] Detective Donahue interpreted an Excel sheet found in the first-floor apartment as an "owe sheet," and the confidential informant discussed the role of "testers" and the need for transactional security during sales. [Id. at 28]. In the motion to dismiss Balcacer's original petition, Divris argued that these claims are unexhausted because they are "nested" within the broader "ineffective assistance of counsel" claim. [ECF No. 16 at 7].[7] In response, Balcacer requested that the court apply the "liberal pleading standard" and find the opposite—that the claim was exhausted through its inclusion in the "ineffective assistance of counsel" claim. [ECF No. 17 at 9].

Fair presentment requires that a claim be presented "face-up" to a state's highest court. Adelson, 131 F.3d at 262 (quoting Martens, 836 F.2d at 717.). In his 2023 ALOFAR, Balcacer argues that "[t]his testimony's erroneous admission deprived Balcacer his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and impartial jury where officer's gave personal opinion, without foundation, and drew conclusions that for the jury to decide." [ECF No. 16-4 at 21 (citing US v. Sanabria, 645 F.3d 505, 516 (1st Cir. 2011)]. Although this statement suggests to a reasonable jurist a potential violation of Petitioner's rights, it was presented within the context of ineffective assistance of appellate counsel. [Id.] Therefore, because Balcacer's constitutional claims were framed within an ineffective assistance of counsel argument, they were not presented

---

[7] In accordance with this Court's order on January 30, 2025 [ECF No. 26], Balcacer's Amended Petition raised essentially the same grounds as his original petition. The Court notes here that Ground Two of Balcacer's Amended Petition is identical to Ground Four of the original petition. [ECF No. 27; ECF No. 1]. Respondent "incorporate[d] by reference all the points and authorities" in his original motion to dismiss. [ECF No. 31 at 5]. Due to the similarities between the original and Amended Petition, the Court considers arguments made by the Respondent in his original motion to dismiss, [ECF No. 16], to the extent they apply to the Amended Petition.

in a manner that sufficiently alerted the SJC to the need to independently resolve these constitutional issues. See DeGennaro, 1028 U.S. Dist. LEXIS 204688, at *6.

Consequently, Ground Two is unexhausted and is **DISMISSED without prejudice.**

### C.     Ground Three – Improper Opening Statement and Closing Argument

Next, Balcacer alleges prejudicial testimony tainted the jury due to improper opening and closing arguments by the prosecutor. [ECF No. 27 at 29]. He mentions this issue in both ALOFARs; however, both fail to exhaust the underlying constitutional claim. In his 2020 ALOFAR, Balcacer raised "errors in the Commonwealth's arguments at opening and closing" as a ground of appeal but did not present a federal basis for the claim. [ECF No. 16-3 at 8]. While there is no strict requirement for demonstration the federal dimensions of a claim, it typically necessitates a reference to a constitutional amendment, citation of a Supreme Court case, or reliance on a state case that involves federal grounds. See Coningford, 640 F.3d at 482. Balcacer's 2020 ALOFAR lacks any such indications. Meanwhile, the 2023 ALOFAR raises this claim within the context of ineffective assistance of appellate counsel. [ECF No. 16-4 at 21]. As discussed *supra*, raising a claim within an ineffective assistance of counsel claim only exhausts it as to the right to reasonably effective counsel, not the underlying constitutional claim itself. See DeGennaro, 1028 U.S. Dist. LEXIS 204688, at *6.

Therefore, Ground Three is unexhausted and is **DISMISSED without prejudice**.

### D.     Ground Four – Withheld Exculpatory Evidence

Balcacer's fourth assertion is that the prosecution withheld exculpatory evidence, specifically Hernandez's statement, contact, and identifying information. [ECF No. 27 at 31]. While Divris does not argue that this ground is unexhausted, the Court will still examine whether it is exhausted.

To exhaust a claim, Balcacer must have raised it within the four corners of one of the ALOFARs and clearly informed a reasonable jurist of the federal question. See Durand, 388 F. Supp. 3d at 59 (quoting Mele, 850 F.2d at 820). His 2023 ALOFAR does just that—it raises that "[s]kirting his ethical and constitutional duties, the ADA . . . failed to record exculpatory evidence." [ECF No. 16-4 at 11]. He then cites to Brady v. Maryland, 373 U.S. 83 (1963), the landmark federal case establishing the duty of a prosecutor to give exculpatory evidence to a criminal defendant. This citation clearly informs a reasonable jurist of the federal dimensions of this claim.

Thus, Ground Four is exhausted. However, because there is a mixed petition, which cannot be adjudicated, Ground Four is **DISMISSED without prejudice**. See Delong, 715 F.3d at 387.

### E. Ground Five – Knowingly False Statement Elicited by Prosecutor

Balcacer's fifth ground for relief involves the prosecutor's elicitation of knowingly false statements, which has not been expressly contested by Divris regarding its exhaustion. [ECF No. 27 at 32; ECF No. 31 at 1]. Nonetheless, the Court will still consider whether it is indeed exhausted.

Ground Five involves Agent Coletti testifying that he observed Navarro entering and exiting 2 McIntyre Court during every drug deal. [Id.] Balcacer's 2023 ALOFAR states that "[t]he Commonwealth elicited perjury from Agent Coletti," and cites Napue v. Illinois, 360 U.S. 264 (1959), the leading case on convictions obtained through false testimony. [ECF No. 16-4 at 16]. This citation would have alerted a reasonable jurist on the SJC to the federal due process issue arising from the false testimony.

Therefore, Ground Five is exhausted. However, because there is a mixed petition, which cannot be adjudicated, Ground Five is **DISMISSED without prejudice**. See Delong, 715 F.3d at 387.

### F.     Ground Six – Ineffective Assistance of Appellate Counsel

In addition to Ground One, claiming ineffective assistance from his trial counsel, Balcacer also alleges ineffective assistance from his appellate counsel. [ECF No. 27 at 34]. While Divris does not challenge the exhaustion of this Ground, the Court will still examine it.

Balcacer raises four individual factual bases for his claim of ineffective assistance by his prior appellate counsel: (#1) failure to raise the federal implications of Agent Coletti's testimony, (#2) failure to address issues related to Natasha Balcacer's statements to the grand jury, (#3) failure to contest improper opinion testimony, and (#4) failure to challenge the closing statements. [Id.]

The Court finds that the allegations listed above are exhausted, although the first issue concerning Agent Coletti's testimony is a closer call. Balcacer sufficiently raised (#2) the grand jury issue, (#3) the failure to challenge the closing statements, and (#4) the failure to contest improper testimony as factual bases within his 2023 ALOFAR. [ECF No. 16-4 at 16, 20, 21, 20 (cited in order of the allegations listed above)]. Moreover, a reasonable jurist would have been alerted to the federal legal dimensions of these claims. These issues are explicitly listed under the section labeled "ineffective assistance of appellate counsel," which cites to Evitts v. Lucey, 469 U.S. 387 (1985), establishing the right to effective appellate counsel on a defendant's first appeal. [ECF No. 16-4 at 20].

The first issue, concerning (#1) the alleged failure to challenge Agent Coletti's testimony, is more nuanced. The discussion appears under the label "Knowingly Perjured Testimony Requires a New Trial," but Balcacer clarifies that it was the "[p]rior counsel's failure," implicating both his

13

trial and appellate counsel, and supports this claim with a citation to Evitts. [ECF No. 16-4 at 15]. Again, this issue is raised in the section titled, "Ineffective Assistance of *Appellate* Counsel," (emphasis added), thus making Balcacer's citation to Evitts, rather than Strickland, particularly relevant. By framing the issue this way and citing the relevant legal authority, Balcacer effectively presents these statements as both stand-alone claims and as failures of prior counsel, thereby alerting a reasonable jurist to the federal questions involved.

Therefore, Ground Six is exhausted. However, because there is a mixed petition, which cannot be adjudicated, **Ground Six is DISMISSED without prejudice**. See Delong, 715 F.3d at 387.

### G.    Ground Seven – Confrontation Clause Violation

Balcacer's seventh ground for relief asserts that he was deprived of his right to confront witnesses due to the admission of improper, prejudicial hearsay. [ECF No. 27 at 35-36]. Divris argues that this ground is unexhausted because it was nested within Balcacer's ineffective assistance of counsel claim. [ECF No. 16 at 7].

An exhaustive search of the record reveals that hearsay issues were mentioned only in Balcacer's 2023 ALOFAR, which stated, "[t]he [above referenced hearsay] statements' admission deprived Balcacer of his right to confront and cross-examine, to due process and a fair trial. . . This was ineffective."[8] [ECF No. 16-4 at 19]. As the Court stated *supra*, merely raising a claim within

---

[8] While the Petitioner raises several cases to exhaust the underlying claim, the Court finds that these did not suffice to indicate to a reasonable jurist the federal dimensions of the claim. Commonwealth v. Borans was the only case that Petitioner cited that is on point and there is only a single sentence about the right to reasonable cross-examination. 393 N.E.2d 911, 931 (Mass. 1979). All the other cases Petitioner cited regarded different constitutional issues than the ones he raises.

the context of ineffective assistance of counsel does not exhaust the underlying constitutional violation.

Therefore, Ground Nine is unexhausted and is **DISMISSED without prejudice**.

### H. Ground Eight – Cumulative Due Process Violation

Lastly, Balcacer argues that the combined errors raised in Grounds One through Nine cumulatively violated his due process rights. [ECF No. 27 at 37]. Divris argues that this cumulative error claim is unexhausted, noting discrepancies between the issues raised in the 2020 ALOFAR and those included in the 2023 ALOFAR's cumulative error argument. [ECF No. 16 at 8]. Based on established precedent, when all the claims presented in a petition have not been presented to the SJC, any cumulative or combined claim before this court is deemed unexhausted. Janosky v. St. Amand, No. 08-10713-RWZ, 2008 U.S. Dist. LEXIS 123711, at *19 (D. Mass. Nov. 17, 2008) (quoting Burbank v. Maloney, 47 F. Supp. 2d 159, 164 (D. Mass. 1999)).

Therefore, Balcacer's cumulative error claim is considered unexhausted and is **DISMISSED without prejudice.**

### IV. CONCLUSION

For the foregoing reasons, the Court determines that Balcacer's petition contains both exhausted and unexhausted issues. Grounds Two, Three, and Seven are unexhausted. Ground Eight, which alleges a cumulative due process violation, is unexhausted to the extent that it relies on other unexhausted grounds. Grounds One, Four, Five, and Six are properly exhausted; however, the Court may not adjudicate the resulting mixed petition. See Delong, 715 F.3d at 387. Therefore, all Grounds are **DISMISSED without prejudice**.

## V. Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Muller v. Goguen, 385 F. Supp. 3d 121, 130 (D. Mass. 2019) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.'" United States v. Cintron, 281 F. Supp. 3d 241, 242 (D. Mass. 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)). In ruling on an application for a COA, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

The Court grants the COA for Grounds Two, Three, and Seven because the First Circuit has not yet decided whether embedding a constitutional claim within an ineffective assistance of counsel claim serves to exhaust both the ineffective assistance of counsel claim and the underlying constitutional claim. Should the First Circuit find that ineffective assistance of counsel exhausts the underlying constitutional claims, the Court grants the COA for Grounds One, Four, Five, Six, and Eight to remand for reconsideration on the merits.

**SO ORDERED.**

Dated: December 16, 2025

                                                         /s/ Margaret R. Guzman
                                                         Margaret R. Guzman
                                                         United States District Judge